Matt Lehrfeld #382633
15708 State Route 78 W.
Caldwell, Ohio 43724
Noble Correctional Inst.

May 22nd, 2001

Supreme Court of Ohio

Re: State v. Lehrfeld.

Dear Clerk:

I tried to have this mailed overnight delivery through NCI mail room and was told that they do not have that available to us. They only have priority mail which is only guarantee for two to three day delivery.

If this Application is not received by you until friday I hope you will take this into consideration when deciding whether this will be timely filed. There is nothing else I could do because of my being incarcerated and I therefore lost a mailing option that the general public would have.

I hope you will accept this as timely filed. Thank you for your assistance in this matter.

Respectfully Submitted,

Matt Lehrfeld

RECEIVED

MAY 25 2001

MARCIA J. MENGEL, CLERK
SUPREME COURT OF OHIO

# The Supreme Court of Ohio

30 EAST BROAD STREET, COLUMBUS, OHIO 43215-3414

THOMAS J. MOYER, CHIEF JUSTICE
ANDREW DOUGLAS
ALICE ROBIE RESNICK
FRANCIS E. SWEENEY
PAUL E. PFEIFER
DEBORAH L. COOK
EVELYN LUNDBERG STRATTON

MARCIA J. MENGEL
CLERK

(614) 466-3931
(614) 466-5201

May 25, 2001

Matthew Lehrfeld
#382-633
Noble Correctional Institution
15708 St. Rt. 78 W.
Caldwell, Ohio 43724-8902

Dear Mr. Lehrfeld:

The enclosed documents were not filed and are being returned to you because they do not meet the requirements of the Rules of Practice of the Supreme Court of Ohio. The specific areas of noncompliance and relevant rules are as follows:

☒ The materials necessary to perfect your appeal were not filed within the 45-day time period prescribed by Rule II, Section 2(A)(1). The Clerk's Office is prohibited from filing documents that are not submitted on time.

Please refer to the copy of the court's rules on file with your institution's library for additional information.

Sincerely,

Thomas
Deputy Clerk

Enclosures

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                                :         APPEAL NOS. C-990754

      Plaintiff-Appellee,                 :         C-990501[1]

                                                            TRIAL NO. B-9900433

      vs.                                          :         *JUDGMENT ENTRY.*

MATTHEW LEHRFELD,                    :

      Defendant-Appellant.             :

This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).

Following a bench trial, defendant-appellant Matthew Lehrfeld was found guilty of burglary in violation of R.C. 2911.12(A), and he was sentenced to three years' community control. Lehrfeld filed a timely notice of appeal. While his appeal was pending, Lehrfeld was found guilty of violating the conditions of his community control, and he was sentenced to five years of community control. Less than one month later, Lehrfeld pleaded guilty to a second community-control violation and, following a hearing, he was sentenced to six years in prison. Lehrfeld filed a timely appeal relating to the imposition of the six-year prison sentence. The two appeals have been consolidated, and, for the following reasons, we find that none of his four assignments is well taken.

In his first assignment of error, Lehrfeld challenges the sufficiency of the evidence and in the second assignment of error Lehrfeld argues that the trial court erred

---

[1] These appeals have been consolidated under the number C-990754.

## OHIO FIRST DISTRICT COURT OF APPEALS

in denying his Crim.R. 29 motion for acquittal. Because the relevant inquiry for reviewing the denial of a Crim.R. 29 motion is the same as the inquiry for sufficiency,[2] we review the first and second assignments of error together.

At the trial that resulted in the original conviction, the court found "that [Lehrfeld] was given entrance into the building, but [Lehrfeld] engaged in a theft offense that caused – beyond a reasonable doubt that caused him to be guilty of F-2 burglary." While we find that the record supports the trial court's finding that Lehrfeld was initially given consent to enter the victim's apartment, it does not support a finding of theft. It is well established, however, that the trial court may be right for the wrong reasons.[3] Viewing the record in the light most favorable to the prosecution, we conclude that the record contains sufficient evidence for a finding of guilt.[4] The victim's testimony was that Lehrfeld used force to remain in her apartment without permission and that Lehrfeld had the purpose of committing an assault against the victim. Because there was sufficient evidence adduced at trial to support a finding of guilt, we overrule Lehrfeld's first and second assignments of error.

Next we address Lehrfeld's fourth assignment of error, which challenges the weight of the evidence. Essentially, the determination of guilt in this case came down to a question of credibility. Although Lehrfeld's testimony conflicted with the victim's testimony, we cannot say as a matter of law that the trial court improperly weighed the evidence,[5] as testimony of the two officers who responded to a 911 call supported the victim's recollection of the events. As a result, we conclude that the finding of guilt was

---

[2] See *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 263, 381 N.E.2d 184, 185.
[3] See *Hall v. Gill* (1995), 108 Ohio App.3d 196, 205, 670 N.E.2d 503, 509.
[4] See *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541, 546.
[5] See *id.* at 387, 678 N.E.2d at 546-547.

## OHIO FIRST DISTRICT COURT OF APPEALS

not against the manifest weight of the evidence, and we overrule the fourth assignment of error.

Finally, Lehrfeld asserts in his third assignment of error that he was denied his constitutional right to effective assistance of counsel during the course of his trial. A properly licensed attorney is presumed competent, and the defendant bears the burden of demonstrating ineffective assistance of counsel.[6] After reviewing the alleged instances of misconduct, we find no deficiency in counsel's performance. Counsel's representations relating to the advantages of a bench trial, counsel's failure to object to the admission of a butcher knife, and counsel's failure to introduce grand jury testimony may well have been tactical.[7] Further, Lehrfeld has failed to demonstrate how counsel's alleged comments made after the verdict prejudiced him, as the comments were counsel's opinion about the verdict.[8] Accordingly, we overrule the third assignment of error.

Therefore, the judgment of the trial court is affirmed.

Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.

GORMAN, P.J., SUNDERMANN and SHANNON, JJ.

RAYMOND E. SHANNON, retired, of the First Appellate District, sitting by assignment.

*To the Clerk:*

Enter upon the Journal of the Court on _____ JUN 2 8 2000 _____

per order of the Court _____.

Presiding Judge

---

[6] See *State v. Hamblin* (1988), 37 Ohio St.3d 153, 156, 524 N.E.2d 476, 479.
[7] See *State v. Thompson* (1987), 33 Ohio St.3d 1, 10-11, 514 N.E.2d 407, 417.
[8] See *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus.