UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MATT LEHRFELD<br>PETITIONER | * | CASE NO. 1:01 cv 432 |
| | * | JUDGE SUSAN J. DLOTT |
| - vs - | | MAGISTRATE JUDGE SUSAN M. |
| | * | NOVOTNY |
| JEFFREY WOLFE, WARDEN<br>RESPONDENT | * | PETITION FOR BAIL<br>ON HABEAS CORPUS |
| | * | |

Now comes the Petitioner, Matt Lehrfeld, and respectfully moves this Honorable Court to grant bail in the pending Habeas Corpus Petition filed on June   , 2001 in the above-captioned case pursuant to Fed. R. Civ. P. 7(b) and Fed. R. App. P. 23(d) and 27(a). A memorandum in support of this petition is attached hereto.

Respectfully submitted,

MATT LEHRFELD (382-633)
15708 ST.RT. 78 WEST
CALDWELL, OHIO 43724


CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing Petition has been sent to the Ohio Attorney General via Stephanie Watson, 150 East Gay Street, Columbus, Ohio 43215 by regular U.S. mail on this 2 day of December 2003.

MATT LEHERFELD

## **MEMORANDUM IN SUPPORT**

To establish the right to release on recognizance or surety a petitioner must demonstrate (1) that the petition presents a "substantial question" as to the constitutionality of the prisoners detention ; **United States v. Smith** (3d Cir. 1987) 835 F.2d 1048 , 1050 ("strong showing" of likelihood of success on merits) , (2) "that a denial of bail could leave the petitioner without remedy" given how much time will be expended in adjudicating his substantial claims or given other "extraordinary circumstances ... that make the grant of bail necessary to make the habeas remedy effective"; **Hilton v. Braunskill** (1987) 481 U.S. 770 (bail pending appeal case ; the less time that remains on prisoners sentence , the stronger his interest in release pending further adjudication) , and (3) that there is little risk that the petitioner will flee given the surety or other conditions that the court could impose . Because the assessment and application of these factors "contemplates individualized judgements in each case , the formula cannot be reduced to a set of rigid rules" and accords a good deal of discretion to the district court . **Bliss v. Lockhart** (8th Cir. 1989) 891 F.2d 1335 , 1337 .

    Other factors which may be raised by Respondent are the risk of danger of a petitioner to the community if released , and the interference of the determination of the case . **Hilton v. Baunskill** , supra , 481 U.S. at 776-79 (The "rehabilitation" factor is "strongest where the remaining portion of the sentence to be served is long , and weakest when there is little

of the sentece remaining to served.")

Petitioner has been incarcerated for five years on a six year sentence. He has presented a "substantial question" as to the constitutionality of his conviction. He has waited two and a half years for a ruling on his habeas petition (through no fault of this Honorable Court). There would be no reason for him to flee, for even if the petition is denied, he would have only 365 days left to serve.

Petitioner has no criminal record prior to this conviction, and this case is a classic example of the oft quoted "fundamental miscarriage of justice" by reviewing courts. Petitioner will reside in Columbus, Ohio when released, and, therefore, will be present for any court proceedings he would be required to attend. Because he has already served five years in prison, his interest in release is stronger than someone who has served a lesser portion of a sentence.

Petitioner was originally sentenced to community control. Under Ohio Sentencing Law, a person serving a first prison term must be sentenced to the minimum sentence unless the sentencing court <u>finds on the record</u> that the minimum sentence would demean the seriousness of the offense or would not adequately protect the public from future harm by the offender. R.C. 2929.14(B).

Because petitioner was originally sentenced to community control, he <u>had to</u> be sentenced to the minimum sentence. Even though Petitioner raised this argument to the Ohio Appellate Courts, his claims fell on "deaf ears" and he received no meaningful review. Therefore, Petitioner has already served three

(3) additional years in prison "contrary to" Ohio Law.

The United States Court of Appeals for the Sixth Circuit has held that bail can be granted on Habeas Corpus pending outcome if a petitioner satisfies the requirements set forth herein. **Dotson v. Clark** (6th Cir. 1990) 900 F.2d 77, **Jago v. United States** (6th Cir. 1978) 570 F.2d 618.

For the above stated reasons, and good cause shown, the Petitioner respectfully requests this Honorable Court grant him bail in the above-captioned case.

Respectfully submitted,

MATT LEHRFELD (382-633)