UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **MATTHEW LEHRFELD,** | : | Case No.  C-1-01-432 |
| Petitioner, | : | |
| | : | Judge Dlott |
| v. | : | Magistrate Judge Novotny |
| | : | |
| **JEFFREY WOLFE, WARDEN,** | : | |
| Respondent. | : | |

**RESPONDENT'S OPPOSITION TO PETITIONER'S MOTION FOR BAIL**

Petitioner Matthew Lehrfeld, #382-633 (hereinafter Lehrfeld) an inmate convicted of Burglary, has filed a motion in this Court seeking his immediate release on bail. Respondent submits that Lehrfeld has failed to establish the likelihood of success on the merits and the presence of exigent circumstances necessitating the granting of his release in a federal habeas action. *Dotson v. Clark*, 900 F.2d 77 (6th Cir. 1990); *Martin v. Solem*, 801 F.2d 324, 329 (8th Cir. 1986). Without such a showing Lehrfeld is not entitled to release on bail pending the ultimate determination of his claims by this Court.

It is well-settled that the eligibility of a habeas petitioner for bail does not rest on the same footing as that of a pretrial accused or a convicted defendant on direct appeal, "both of whom have a right to bail unless the court finds an undue risk of flight...and an undue risk of danger to the community...or that the appeal is frivolous or taken for delay." *Oster v. United States*, 584 F.2d 594, 599 (2nd Cir. 1978). Unlike bail applications in the above-mentioned circumstances, bail incident to a filing of a petition for writ of habeas

corpus is sought by one who no longer enjoys the presumption of innocence. Thus, the power to fix bail under these circumstances is rarely exercised and granted only upon a showing of a substantial likelihood of success on the merits and a showing of extraordinary or exigent circumstances making the grant of bail necessary for the habeas remedy to be effective. *Aronson v. May*, 85 S.Ct. 3, 13 L.Ed.2d 6 (1964) [Douglas J., in chambers]; *see also*, *Hilton v. Braunskill*, 481 U.S. 770 (1987); *Land v. Deeds*, 878 F.2d 318 (9th Cir. 1989).

Here, Lehrfeld has failed to sustain the requisite two-fold burden imposed upon him to justify his release on bond in the instant case. Lehrfeld repeats his habeas claim alleging improper sentencing in the state court, and that he has already served what would have been the minimum term allowable for the crime for which he was convicted. However, Lehrfeld has not demonstrated a substantial likelihood of success on the merits. Indeed, the Magistrate has already issued a Report and Recommendation rejecting Lehrfeld's instant claims. (Doc. #10). Thus, the true likelihood of this Court granting Lehrfeld's habeas corpus petition must be considered remote, at best.

Aside from failing to show a substantial likelihood of success on the merits, Lehrfeld has not set forth any extraordinary circumstances that would require the immediacy of this release. Rather, he simply asserts that he has served 5 years of his 6-year sentence, and thus, should be released. Wherefore, in view of the foregoing Respondent respectfully submits that Lehrfeld's motion for bail should be denied.

Respectfully submitted,

JIM PETRO
Attorney General

s/Stephanie L. Watson
STEPHANIE L. WATSON (0063411)
Assistant Attorney General
Trial Counsel for Respondent
Corrections Litigation Section
150 East Gay Street, 16th Floor
Columbus, Ohio  43215-6001
(614) 644-7233
(614) 728-9327 FAX

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Respondent's Return of Writ was forwarded to Petitioner Matthew Lehrfeld, #382-633, at the Noble Correctional Institution, 15708 State Route 78 West, Caldwell, Ohio 43724, by U.S. mail, postage pre-paid this 9th day of December, 2003.

s/ Stephanie L. Watson
STEPHANIE L. WATSON (0063411)
Assistant Attorney General