IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MATTHEW LEHRFELD,                :
                                 :
    Plaintiff(s)                 :
                                 :   Case Number: 1:01cv432-SJD-JS
vs.                              :
                                 :   District Judge Susan J. Dlott
JEFFREY WOLFE, Warden            :
                                 :
    Defendant(s)                 :

ORDER

This matter is before the Court pursuant to the Order of General Reference in the United States District Court for the Southern District of Ohio Western Division to United States Magistrate Judge Jack Sherman, Jr.. Pursuant to such reference, the Magistrate Judge reviewed the pleadings and filed with this Court on October 7, 2003 Report and Recommendations (Doc. 10). Subsequently, the plaintiff filed objections to such Report and Recommendations.

The Court has reviewed the comprehensive findings of the Magistrate Judge and considered de novo all of the filings in this matter. Upon consideration of the foregoing, the Court does determine that such Recommendations should be adopted.

IT IS ORDERED AND ADJUDGED that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is hereby DENIED with prejudice.

A certificate of appealability shall not issue with respect to the dismissal on procedural default grounds of the ineffective assistance of trial counsel claims based on counsel's failure to object to the court's reliance on allegedly privileged information disclosed by petitioner during his court ordered drug addiction treatment, counsel's failure to object to the sentencing procedures, and counsel's failure to object to the introduction of evidence, all asserted in the petition in ground one, and the sentencing claim alleged in the petition as ground four because

"jurists of reason would not find it debatable whether this Court is correct in its procedural ruling" as required under the first prong of the two part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), which is applicable to procedurally-barred claims.[1] A certificate of appealability also shall not issue with respect to petitioner's ineffective assistance of appellate counsel claims and remaining ineffective assistance of trial counsel claims, alleged in ground one, and petitioner's claims alleged in grounds two and three because for the foregoing reasons, petitioner has failed to make a substantial showing of the denial of a constitutional right remediable in this federal habeas corpus proceeding. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Petitioner has not shown that reasonable jurists could debate whether these claims should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 123 S.Ct. 1029, 1034, 1039-40 (2003) (quoting *Slack,* 529 U.S. at 483-84) (in turn quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)).

With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this order would not be taken in "good faith," and therefore DENIES petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

IT IS SO ORDERED.

                                                          ___s/Susan J. Dlott_____
                                                          Susan J. Dlott
                                                          United States District Judge

---

[1] Because this Court finds petitioner has not met the first prong of the *Slack* standard, it need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether grounds one and four state valid constitutional claims. *See Slack,* 529 U.S. at 484.