UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **MATT LEHRFELD** | * | CASE NO. 1 01 CV 432 |
| **PETITIONER** | * | |
| - vs - | * | JUDGE SUSAN DLOTT |
| **JEFFREY WOLFE , WARDEN** | * | MOTION FOR RELIEF |
| **RESPONDENT** | * | FROM JUDGEMENT |
| | * | |

Now comes the Petitioner , Matt Lehrfeld , and respectfully moves this Honorable Court for relief from judgement of the Order issued on March 23 , 2004 in the above-captioned case pursuant to Fed. R. Civ. P. 60 (B) . A memorandum in support of this motion is attached hereto .

Respectfully Submitted ,

MATT LEHRFELD (382633)
15708 ST.RT. 78 WEST
CALDWELL , OHIO 43724
NOBLE CORRECTIONAL INSTITUTE
**IN PROPRIA PERSONA**

FILED
JAMES BONINI
CLERK
2004 JUN -9 PM 12: 14
U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

MEMORANDUM   IN   SUPPORT

a.  Procedural Posture

    The Petitioner, proceeding in propria persona in his 28 U.S.C. § 2254 action, challenged the lawfulness of his conviction and the constraints upon his liberty by the State of Ohio, in a properly brought Writ of Habeas Corpus.

    Petitioner posed independently distinct and viable claims, among which were First, Fifth, Sixth, and Fourteenth Amendment constitutional questions which had been systematically ignored by the state courts despite their glaring factual and evidentiary illuminations.

    On March 24, 2004, Judge Susan J. Dlott of the United States District Court, Southern District of Ohio, denied Petitioner's Writ in its entirety without inferencing the manner and method of judicial disposition of these issues germane to Petitioner's challenges and ripe for proper adjudication -- save for the lone overview of ineffective assistance of counsel, (Petitioner's Exhibit A 3/24/04 order), which served as nothing more than a broad-based dispositive springboard.

    The judgement was rendered on the immediate tails of an unsettling sequence of musical-chair activity consisting of

Magistrate Judge Jack Sherman being initially assigned to the case and authoring the only October 2003 Report & Recommendation (Petitioner's Exhibit "B") and Petitioner lodging a 25-page Objection, only to have Magistrate Sherman removed on November 17, 2003 and the case reassigned to Magistrate Judge Susan Novotny -- who, herself, was subsequently removed and replaced with Magistrate Judge David Perelman -- none of whom endorsed, adopted, nor in any other way referenced Magistrate Sherman's R&R.

Strangely, the bizarre extracurricular activity did not end there. On March 24, 2003, Judge Dlott rendered a Judgement denying the Writ in its entirety. In what can only be best characterized as "findings of fact and conclusions of law" given its sparsity and lack of specificity, Judge Dlott methodically extinguished every ray of hope for fair and competent adjudication by not disposing of the claims within a less than two full page Order, but by also foreclosing on any remote chance of a reviewing court seeing her handiwork by schematically denying a certificate of appealability, all of which was accomplished with one broad and goal-intended sweep of her pen to deny Petitioner fundamental access to courts and fundamental due process.

It is upon this backdrop that Petitioner makes this timely and meritorious Motion.

b.  Law & Argument

Given the complexity of the overall conspiratorial implications and bias of the Court which taints this case, Petitioner has narrowed the challenge to the procedural correctness and constitutionality of Judge Blott's conduct by limiting his Rule 60(b) challenge to specifically identified claims.

Petitioner submits, as a preamble, that although findings of fact are generally presumed correct and are only disturbed by an appellate court if clearly erroneous, Hurley v. Irish American Gay, Lesbian & Bisexual group of Boston, 515 U.S. 557, 115 S.Ct. 2338, 132 L.Ed.2d 487 (1995), the findings in the case sub judice are of the "clearly erroneous" garden-variety enunciated by the United States Supreme Court as qualifying as exceptions where a court of appeals would be "left with the definite and firm conviction that a mistake has been committed." See, United States v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 541, 92 L.Ed.2d 746 (1946).

Petitioner asserts that the judgement and order rendered in this case is **voided** for purpsoes of Rule 60(b)

where the district court not only acted in a manner wholly inconsistent with constitutional due process, but also where it otherwise acted <u>beyond</u> the powers granted to it under the law. Federal Rules of Civil Procedure 60(b)(4); <u>Burke v. Smith</u>, 252 F.3d 1260, 1263 (11th Cir. 2001); <u>Robinson Eng'g Co. v. Pension Plan & Trust</u>, 223 F.3d 445 (7th Cir. 2000); <u>Grun v. Pneumo Abex Corp.</u>, 163 F.3d 411, 422 (7th Cir. 1998), <u>cert</u>. <u>den</u>., 526 U.S. 1087, 119 S.Ct. 1496 (1999).

Rule 52(a) of the Fed.R.Civ.P. commands:

> "The trial judge shall explicitly state findings of fact and conclusions of law upon which the judge bases the evrdict. Findings of fact will not be disturbed on appeal unless clearly erroneous. Conclusions of law are fully reviewable on appeal." <u>Id</u>..

It is well-settled that the issuance of findings of fact and conclusions of law is **mandatory**, and cannot be waived, <u>Francis v. Goodman</u>, 81 F.3d 5, 8 (1st cir. 1996). The findings must be sufficient to indicate <u>the factual basis</u> for the ultimate conclusion, <u>Lidell v. Board of Education of the city of St. louis</u>, 20 F.3d 336 (8th Cir. 1994)(holding that a reference to "the totality of the circumstances" was not sufficient), and permit **meaningful** appellate review. See, <u>Folger Coffee Co. v. Olivebank</u>, 201 F.3d 632, 635 (5th Cir. 2000).

At the outset, Petitioner sub judice distinguishes that he makes no breadth challenge to the district court's order in light of our Sixth Circuit's well-developed body of precedents holding that a trial court has no duty to make factual findings directly addressing each issue that a litigant raises. In re Fordu, 201 F.3d 693, 710 (6th cir. 1999)("We have not interpreted [Rule] 52 to require trial courts to explicitly treat each issue raised."); Grover Hill Grain Co. v. Baughman-Oster, Inc., 728 F.3d 784 (6th cir. 1984)("It is not necessary for the district court judge to prepare elaborate findings on every possible issue raised at trial."). Instead, the Sixth Circuit adhered to a "liberal standard for reviewing the adequacy of the [trial court's] findings." Grover Hill Grain Co., 728 F.2d at 792. As a result thereof, "findings are to be liberally construed in suport of a judgement even if the findings are not as explicit or detailed as might be desired." In re Fordu, 201 F.3d at 710.

Despite this liberal approach, the Sixth Circuit cautioned that a trial court's findings must support the ultimate legal conclusions reached. Grover Hill Grain Co., 728 F.2d at 792 (explaining that "there must be findings, in such detail and exactness as the nature of the case permits, of subsidiary facts on which an ultimate conclusion can rationally be predicated."). Id..

The Sixth Circuit has emphasized the critical importance of the necessity for the findings to not only reveal the <u>logic</u> behind the trial court's decision, but also to enable an appellate court to conduct <u>a meaningful review</u> of the trial court's order. Id. at 792-93 ("The findings should be explicit so as to give the appellate court a clear understanding of the basis of the trial court's decision, and to enable it to determine the grounds on which the trial court reached its decisions."). Id..

Nevertheless, in accordance with a liberal review of the facts supporting a trial court's decision, the Sixth Circuit has explained that "[i]f, from the facts found, other facts may be inferred which will support the judgement, such inferences should be deemed to have been drawn by the District Court." Id. at 792.

Here, Petitioner's challenge is primarily a jurisdictional one premised upon Rule 60(b)(4) **voidness**, in the first instance. Regardless of the applicable threshold standard used to weigh such claims, Petitioner asserts that this district court, engaging the intrinsic virtue of hindsight, would be inevitably hardpressed to find <u>to a satisfactory degree</u> that it fully complied with the spirit, letter, and intent of Rule 52 of the Fed.R.Civ.P. with respect to how and why it denied Petitioenr's Writ in light of the Order's gaping deficiency in disposing of the credible issues presented.

The inexplicably ambiguous tenor of the Order's disposition suggests that a "totality of circumstances" approach was used to adjudicate Petitioner's claims -- albeit, disguised as something else -- which neither described what the precise fact and legal posture of the Court was with respect to the constitutional questions presented nor offering very much of a judicial road map shedding light upon how the district court reacjed its ultimate conclusion.  Courts of appeals have not only frowned upon such approaches, but have remanded with instructions that district courts set forth in some detail the reasons for their denial and amend their findings and conclusions.  See, e.g., Liddell v. Board of Education of St. Louis, 20 F.3d 326 n.2 (8th Cir. 1994)(and cases cited).

A cursory review of this Court's Order supports that its findings of fact and subsidiary conclusions of law are not discernible and amount to not much more than an intemporate judicial thrust through the stratospheric purview of appellate court jurisdiction and having the residual effect of compelling Petitioner to either forego review of the district court judgement altogether by denying a certificate of appealability, or, in the polar opposite scenario, relegating Petitioner to the unenviable position of engaging the U.S. Sixth Circuit Court of Appeals into making independent factfinding determinations in lieu of this Court's failure to make findings of fact essential to a proper resolution of the unique legal questions

presented, which the U.S. Supreme Court has consistently cautioned appellate courts against in the Rule 52(a) context. <u>Icicle Seafoods, Inc. v. Worthington</u>, 475 U.S. 709, 714, 106 S.Ct. 1527, 1530, 89 L.Ed.2d 739 (1986); <u>Maine v. Taylor</u>, 477 U.S. 131, 145, 106 S.Ct. 2440, 2450, 91 L.Ed.2d 110 (1986)("As this Court frequently has emphasized, appellate courts are not to decide factual questions <u>de novo</u>, reversing any findings they would have made differently.").

The record in the case at at bar is totally devoid of any semblance of an explanation as to: (a) the logic behind the trial court's decision, and (b) any factual predicates or factual conclusions and points of law which would enable the Sixth Circuit to conduct a **meaningful** review of its Order, two minimal obligations expressly imposed upon trial courts. <u>Zack v. C.I.R.</u>, 291 F.3d 407, 412 n.4 (6th Cir. 2002)(quoting <u>Grover Hill Grain Co. v. Boughman-Oster, Inc.</u>, 728 F.2d 784 at 792-793 (6th Cir.1984)).

Petitioner submits that this is not the first time a federal court of appeals has addressed the importance of adequate trial court findings and subsidiary conclusions. See, <u>Media Duplication Serv. v. HDG Software</u>, 928 F.2d 1228, 2131 (1st Cir. 1991)(holding that "the district court's bare, unexplained denial of the motion to dismiss for lack of subject matter jurisdiction [did] not provide a basis to evaluate the factual grounds for its decision.")(citing <u>Halleran v. Hoffman</u>,

996 F.2d 45, 47 (1st Cir. 1992)). More particularly, in Hawes v. Club Ecuestre El Commandante, 598 F.2d 698, 702 (1st cir. 1979), the First Circuit that where Rule 52(a) is implicated, "In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon. . . "). Although Rule 52(a) goes on to state that such findings and conclusions are not necessary when the district court acts on Rule 12 or Rule 56 motions, this provision excepts final dispositions made on partial findings under Rule52(c). See, Fed.R.Civ. P. 52(c) and Rule 52(c) Advisory Committee's Notes to 1991 amendment.

In fact, Petitioner submits that the final sentence in Rule 52(a) does not dispense with the requirement that the trial court make not only **special findings** as to the relevant disputed facts and issues, but also **subsidiary** conclusions of law, as necessary to enable effective appellate review of rulings on motions to dmissmiss and Writs of Habeas Corpus. See, Horizone Titanium Corp. v. Norton Co., 290 F.2d 421, 424 n.3 (1st Cir. 1961).

It is without dispute that, when a Motion challenges a judgement as void, the districtcCourt lacks discretion. Either the judgement is void (in which case relief must be granted) or it is not. See, Carter v. Fenner, 136 F.3d 1000, 1005 (5th Cir. 1998), cert. den., 525 U.S. 1041, 119 S.Ct. 591 (1998).

However, some courts require that this jurisdictional error be "egregious" ("a clear usurpation of judicial power") before relief will be granted. See, United States v. Tittjung, 235 F.3d 330, 334 (7th Cir. 2000), cert. den., 533 U.S. 931, 121 S.Ct. 2554 (2001).

Within the case at bar, the total failure to address fact-issues and points of relevant law within the findings of fact and conclusions of law amounts to the level of "egregious[ness]" sufficient to warrant remedial relief to the Petitioner. Carter, supra, 136 F.2d at 1006.

It is without refute that a mere "wrong" judgement is not in and of itself, void. United States v. Buck, 281 F.3d 1336, 1334 (10th Cir. 2002); Chambers v. Armonstrout, 16 F.3d 257, 260 (8th Cir. 1994). Petitioner makes no such technical claim. Id..

As a secondary -- bt equally important -- matter, relief from a judgement or order may be permitted to further the interests of justice if such relief will not affect the substantial rights of the parties. This "catch-all" category is reserved for extraordinary circumstances such as those presently before this Court. Old Republic Ins. Co. v. Pacific Fin. Servs. of America, Inc., 301 F.3d 54, 59 92d Cir. 2002)(Noting that moving party must show "extraordinary circumstances" to warrant relief); see also, Reform Party of Allegheny County v. Allgheny County Dep't of Elections, 174 F.3d 305, 311 (3rd Cir. 1999).

Case 1:01-cv-00432-SJD-DSP   Document 25   Filed 06/09/2004   Page 12 of 13

12

Although such things as intervening developments in the law will not, by themselves, rarely constitute a basis for relief under Rule 60(b)(6), Petitioner sub judice has plainly demonstrated a showing of **actual prejudice** and **actual injury** in addition to circumstances beyond the Petitioner's control that precluded his taking any other action to protect his interests. See, Lehman v. United States, 154 F.3d 1010, 1017 (9th Cir. 1998).

Petitioner has carried his burden demonstrating that the prerequisites for such relief are satisfied. McCurry ex rel Turner v. Dventist Health Sys/Sunbelt, Inc., 298 F.3d 586, 592 (6th Cir. 2002).

Although this matter rests within this Court's discretion to adjudicate, McCurry ex rel, 298 F.3d at 592, and there is no obligation for the Court to convene a hearing on this Rule 60(b) motion, Petitioner asserts that the unique and bizarre circumstances surrounding this case and the silence of the record gravitates in favor of one being held. See, Atkinson v. Prudential Property Co., 43 F.3d 367, 374 (8th Cir. 1994).

Petitioner's challenge is properly premised upon Rule 60(b)(4) voidness and Rule 60(b)(6)'s judicial interests.

## CONCLUSION

WHEREFORE, based upon the foregoing, Petitioner respectfully moves for the grant of the sought after Motion, oral hearing, and relief of the Court.

Respectfully Submitted,

_____
MATT LEHRFELD (382633)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was sent to Jim Petro, 150 East Gay Street, Columbus, Ohio 43215 by regular U.S. mail on this 3 day of ~~April~~ JUNE 2004.

_____
MATT LEHRFELD