FILED
JAMES BONINI
CLERK

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

2004 JUN 16  PM 12: 51

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

| | | |
|---|---|---|
| MATT LEHRFELD<br>        MOVANT | * | CASE NO.  1:01CV 432 |
| | * | |
| – vs – | * | MOTION FOR RECUSAL |
| | * | |
| SUSAN J. DLOTT<br>        RESPONDENT | * | |
| | * | |

---

Now comes the Movant, Matt Lehrfeld, and moves the Court for an Order of Recusal in the above-captioned case pursuant to 28 U.S.C. § 455 , for the reasons and facts more fully set forth in the attached Memorandum in Support.

Respectfully Submitted,

_____
MATT LEHRFELD (382633)
15708 ST.RT. 78 WEST
CALDWELL, OHIO 43724
**IN PROPRIA PERSONA**

2

# MEMORANDUM IN SUPPORT

## A. Procedural Posture

Plaintiff moves for recusal of Judge Susan J. Dlott pursuant to 28 U.S.C. § 455(a). The basis upon which Plaintiff relies in support of this extreme measure is evidentiary indicia which, if properly developed, may show a conspiratorial extrajudicial acquiescence emanating from Judge Dlott in cover-up of what can minimally be described as state-judge vested interests in a profit-producing entity which factors prominently in Plaintiff's criminal conviction and stonewalling impediments by the U.S. District Court due to Plaintiff's legal challenges properly brought on for Court review.

## B. Statement of Facts

Although this ordeal has been processed onto the U.S. Judicial Conference and other oversight entities, Plaintiff submits that he was a participant in River City Correctional Center in Cincinnati, Ohio (RCCC), a community based correctional facility. (See Attached Plaintiff's X-A - River City Correctional Center Mission Statement).

A "drug court" was created in Hamilton County which monopolized a system by which drug offenders would be routed through the said court. A number of Hamilton County Judges serve as judicial corrections board members and has been the subject of controversy. (See attached December 19, 2003 article entitled "Board of Commissioners Issues Statement Regarding Judges' Service on Community Corrections Boards.").

LAW AND ARGUMENT

Under the unique facts and cirucmstances of this case, it cannot be said that recusal is not proper in this case. According to 28 U.S.C. §455(a), "[a]ny justice, judge, or magistrate of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C.A. § 455(a0(West 1993). The inquiry under this section is whether "a reasonable [person' knowing all the circumstances would harbor doubts concerning the judge's impartiality." Edelstein v. Wilentz, 812 F.2d 128, 131 (3rd Cir. 1987).

Plaintiff has, at this early juncture, satisfied the requirement that the alleged bias and prejudice alluded to herein possibly stems from an extrajudicial source, RCCC and a possibile financial, social, or other benefit to Judge Dlott. See, Liteky v. united States, 510 U.S. 540, 544, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)(describing requirement as applied to § 455(a)). The Court has demonstrated an unwillingness or hobbled ability to be "fair" in this case. Because Judge Dlott is positioned to adjudicate pending motions related to this matter, it is wholly improper under these circumstances for her to remain so installed with an expectation -- however remote -- that she will impartially decide the matters presented in accordance with the law. Id..

In the instant matter, Judge Dlott is required to recuse in any proceeding where her "impartiality might reasonably be questioned." 28 U.S.C. § 455(a); Code of Judicial Conduct for United States Judges, Canon 3C(1), reprinted in 69 F.R.D. 273, 277.

3

In the case sub judice, Plaintiff raised fact-issues and constitutional questions within his Petition for Habeas Corpus Relief regarding matters interrelated to RCCC and improper conduct by the sentencing judge and courts of review, all of whom passed on addressing the specific Habeas issues which strike at the heart of wrongdoing.

The docket in this case illuminates a series of questionable and improprietous shuffling of magistrates and an appalling ruling flowing from Judge Dlott which had no basis in law nor fell within the breadth of her discretion but, instead, suggested a cover-up on all matters relating to RCCC.

In furtherance of her handiwork, Judge Dlott then sealed Plaintiff's fate by denying a certificate of appealability and foreclosing any possibility of further judicial review for -- what Plaintiff believes -- was a co-conspiratorial manuever on behalf of the judges involved or, in the alternative, in protecting the enterprise itself.

While a number of issues remain to be discovered and properly addressed by those charged with such responsibility at this juncture, there are motions pending before Judge Dlott which involve matters of which she has demonstrated a clear unwillingness to address within the parameters of what is expected of a U.S. District Court Judge.

It is also believed that there is every possibility that evidence may develop which may reveal a common financial interest in the RCCC for Judge Dlott or some other conspiratorial role which her judicial robe may cloak.

5

Plaintiff has every reason to believe that Judge Dlott made no effort to properly assess this glaring conflict of interest, its potential impact upon litigants involved, and any possible conflicts which a reasonable tribunal would know would require recusal. Here, Plaintiff believes that the evidence may reveal a financial interest in RCCC involving Judge Dlott or someone clo closely related to her that full disclosure would have been required. 28 U.S.C. § 455(c). However, because of Plaintiff's pro se prisoner status and station in stark contrast to the might wielded by Judge Dlott, this information would not otherwise see the light of day save for the fact that other evidence imputed improper financial interests and cover-up in the adjudication of the Plaintiff's Habeas claims.

Plaintiff properly asserts that 28 U.S.C. § 455(a) requires disqualification for appearance of partiality involving "bias or prejudice." Liteky v. United States, 510 U.S. 540, 114 S.Ct. 1147 at 1149 (1994). In Liteky, supra, the United States Supreme Court soecifically held that the absence of the word "personal" in § 455(a) "does not preclude the doctrine's application, since the textual basis for the doctrine is the perjorative connotation of the words 'bias or prejudice,' which indicate a judicial predisposition that is wrongful or inappropriate.' Id. at 1149.

Attached hereto is Plaintiff's timely and sufficient affidavit that Judge Dlott has a personal bias or prejudice against Plaintiff or a potential financial, political or social interest. Judge Dlott should -not be permitted to proceed further herein and another Judge should be assigned pending a formal determination of this matter.

Plaintiff movs that this Court make the necessary decision concerning Judge Dlott's impartiality, which can be 'reasonably questioned,' in light of the facts as they <u>exist</u>, and not as they are merely surmised or reported. See, <u>Cheney v. U.S. Dept. of Columbia</u>, 124 S.Ct. 1391, 1393 n.1 (2003)(citing <u>Microsoft Corp. v. United States</u>, 530 U.S. 1301, 1302, 121 S.Ct. 25, 147 L.Ed.2d 1048 (2000).   The Supreme Court specifically enunciated that:

> "The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any cause.  It shall be accompanied by a certificate of counsel of record stating that it is made in good faith."

See, <u>Liljeberg v. Health Services Acquisition Co.</u>, 486 U.S. 847, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988).

In the case <u>sub judice</u>, Plaintiff is the pro se counsel of record in this case and attaches his Certificate of Counsel of Record in verification of his good faith efforts accompanied by an affidavit.

Under the facts and circumstances, Plaintiff could not, and had no clear reason to, anticipate that Judge Dlott would evolve to play such a prominent and active role in the RCCC-coverup nor that she would use or give the appearance of using, her lawfully acqired judicial authority to ad and abet in the flagrant violation of Plaintiff's well settled constitutional rights and federally guaranteed immunities to the extent where such actions ran afoul of Judicial Canons, Congressional Mandate, and settled case precedent.

7

## CONCLUSION

WHEREFORE, Plaintiff respectfully moves for the recusal and disqualification of Judge Susan J. Dlott under the facts, circumstances and applicable authority involved in this case.

Respectfully submitted,

Mathew Lehrfeld (382633)
Noble Correctional Institution
15708 S.R. 78 West
Caldwell, Ohio  43724

## CERTIFICATE OF SERVICE

I hereby Certify that a true and correct copy of the foregoing has been served by regular U.S. Mail upon Jim Petro, Ohio Attorney General, at 150 East Gay Street, Columbus, Ohio 43215 this 10 day of June, 2004.

Respectfully,

Mathew Lehrfeld