COMPLAINT

IN RE:

UNITED STATES DISTRICT JUDGE
SUSAN J. DLOTT
POTTER STEWART U.S. COURTHOUSE
110 EAST FIFTH STREET , ROOM 324
CINCINNATI , OHIO 45202
(513) 564-7630

COUNT I

On or about March 24 , 2004 , in the Southern District of Ohio , the defendant , Susan J. Dlott while acting as a United States District Judge with the United States District Court for the Southern District of Ohio under the color of the laws of the United States Constitution and the laws of the United States of America , did willfully deprive and interfere with the rights of Matthew Lehrfeld secured to him and protected by the United States Constitution and laws of the United States of America , to wit: did willfully deprive Matthew Lehrfeld due course of justice and equal protection of clearly established law by interfering with Complainants due process right to adequate , effective , and meaningful access to courts and to judicial redress by willfully denying Complainant's claims dispite stare decisis in the judicial district that Complainant's claims are presented in violation of the First , Fifth , Fourteenth Amendments , Article III § I and Article IV of the United States Constitution restraining Complainant's liberty without due process of law in violation of...
18 U.S.C.A. § 242 , a criminal offense under federal law .(Attached)

## COUNT II

On or about March 24, 2004, in the Southern District of Ohio, the defendant Susan J. Dlott while acting as a United States District Judge for the Southern District of Ohio under the color of the laws of the United States Constitution and the laws of the United States of America, did conspire to deprive and interfere with the rights of Matthew Lehrfeld secured to him and protected by the United States Constitution and laws of the United States of America, to wit: has conspired to deprive Matthew Lehrfeld due course of justice by and through judicial rulings that insulate River City Correctional Center in Cincinnati, Ohio from liability in Complainant's current civil and criminal proceedings thereby interfering with Complainant's due process right to adequate, effective, and meaningful access to the courts and to judicial redress grounded in the First, Fifth, Fourteenth Amendments, Article III § I and Article IV of the United States Constitution restraining Complainant's liberty without due process of law in violation of ...

18 U.S.C.A. § 241, a criminal offense under federal law. (Attached)

**STATE OF OHIO**         *

                          * SS:

**COUNTY OF NOBLE**       *

_____
COMPLAINANT, MATTHEW LEHRFELD

### NOTARY

Sworn to and subscribed before me by Lehrfeld Matthew H., on this 17th day of May 2004.

**SEAL :**

_____
NOTARY PUBLIC

JESSIE M. WILSON
NOTARY PUBLIC, STATE OF OHIO
My Commission Expires 5/13/08

COMPLAINT

IN RE:

UNITED STATES MAGISTRATE JUDGE
JACK SHERMAN JR.
POTTER STEWART U.S. COURTHOUSE
100 EAST FIFTH STREET , ROOM 324
CINCINNATI , OHIO 45202
(513) 564-7640

## COUNT I

On or about October 3 , 2003 , in the Southern District of Ohio , the defendant , Jack Sherman Jr. while acting as a United States Magistrate Judge with the United States District Court for the Southern District of Ohio under the color of the laws of the United States Constitution and the laws of the United States of America , did willfully deprive and interfer with the rights of Matthew Lehrfeld secured to him and protected by the United States Constitution and laws of the United States of America to wit: did willfully deprive Matthew Lehrfeld due course of justice and equal protection of clearly established law by interfering with Complainant's due process right of adequate , effective , and meaningful access to the courts and to judicial redress by willfully denying Complainant's claims despite stare decisis in the judicial district that Complainant's claims are presented in violation of the First , Fifth , Fourteenth Amendments , and Article IV of the United States Constitution restraining Complainant's liberty without due process of law in violation of ...
18 U.S.C.A. § 242 , a criminal offense under federal law .(Attached)

## COUNT II

On or about October 3, 2003, in the Southern District of Ohio, the defendant Jack Sherman Jr. while acting as a United States Magistrate Judge with the United States District Court for the Southern District of Ohio under the color of the laws of the United States Constitution and the laws of the United States of America, did conspire to deprive and interfere with the rights of Matthew Lehrfeld secured to him and protected by the United States Constitution and the laws of the United States of America to wit: has conspired to deprive Matthew Lehrfeld due course of justice by and through judicial rulings that insulate River City Correctional Center in Cincinnati, Ohio from liability in Complainant's currentr civil and criminal proceedings thereby interfering with Complainant's due process right to adequate, effective, and meaningful access to the courts and to judicial redress grounded in the First, Fifth, Fourteenth Amendments, and Article IV of the United States Constitution restraining Complainant's liberty without due process of law in violation of ...
18 U.S.C.A. § 241, a criminal offense under federal law. (Attached)

**STATE OF OHIO**   *

\* SS:

**COUNTY OF NOBLE**   *

COMPLAINANT, MATTHEW LEHRFELD

### NOTARY

Sworn to and subscribed before me by Lehrfeld Matthew H., on this 17th day of May 2004.

SEAL

JESSIE M. WILSON
NOTARY PUBLIC, STATE OF OHIO
My Commission Expires 5/13/08

NOTARY PUBLIC

# UNITED STATES CODE ANNOTATED
## TITLE 18. CRIMES AND CRIMINAL PROCEDURE
### PART I--CRIMES
### CHAPTER 13--CIVIL RIGHTS

Copr. © West Group 2002. No claim to Orig. U.S. Govt. Works.

Current through P.L. 107-377 (End) approved 12-19-02

### § 241. Conspiracy against rights

If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or

If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured--

They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

CREDIT(S)

2000 Main Volume

(June 25, 1948, c. 645, 62 Stat. 696; Apr. 11, 1968, Pub.L. 90-284, Title I, § 103(a), 82 Stat. 75; Nov. 18, 1988, Pub.L. 100-690, Title VII, § 7018(a), (b)(1), 102 Stat. 4396; Sept. 13, 1994, Pub.L. 103-322, Title VI, § 60006(a), Title XXXII, §§ 320103(a), 320201(a), Title XXXIII, § 330016(1)(L), 108 Stat. 1970, 2109, 2113, 2147; Oct. 11, 1996, Pub.L. 104-294, Title VI, §§ 604(b)(14)(A), 607(a), 110 Stat. 3507, 3511.)

<General Materials (GM) - References, Annotations, or Tables>

HISTORICAL AND STATUTORY NOTES

Revision Notes and Legislative Reports

1948 Acts. Based on Title 18, U.S.C., 1940 ed., § 51 (Mar. 4, 1909, c. 321, § 19, 35 Stat. 1092 [Derived from R.S. § 5508] ).

Clause making conspirator ineligible to hold office was omitted as incongruous because it attaches ineligibility to hold office to a person who may be a private citizen and who was convicted of conspiracy to violate a specific statute. There seems to be no reason for imposing such a penalty in the case of one individual crime, in view of the fact that other crimes do not carry such a severe consequence. The experience of the Department of Justice is that this unusual penalty has been an obstacle to successful prosecutions for violations of the act.

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

UNITED STATES CODE ANNOTATED
TITLE 18. CRIMES AND CRIMINAL PROCEDURE
PART I--CRIMES
CHAPTER 13--CIVIL RIGHTS

Copr. © West Group 2002. No claim to Orig. U.S. Govt. Works.

Current through P.L. 107-377 (End) approved 12-19-02

§ 242. Deprivation of rights under color of law

Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

CREDIT(S)

2000 Main Volume

(June 25, 1948, c. 645, 62 Stat. 696; Apr. 11, 1968, Pub.L. 90-284, Title I, § 103(b), 82 Stat. 75; Nov. 18, 1988, Pub.L. 100-690, Title VII, § 7019, 102 Stat. 4396; Sept. 13, 1994, Pub.L. 103-322, Title VI, § 60006(b), Title XXXII, § § 320103(b), 320201(b), Title XXXIII, § 330016(1)(H), 108 Stat. 1970, 2109, 2113, 2147; Oct. 11, 1996, Pub.L. 104-294, Title VI, § § 604(b)(14)(B), 607(a), 110 Stat. 3507, 3511.)

<General Materials (GM) - References, Annotations, or Tables>

HISTORICAL AND STATUTORY NOTES

Revision Notes and Legislative Reports

1948 Acts. Based on Title 18, U.S.C., 1940 ed., § 52 (Mar. 4, 1909, c. 321, § 20, 35 Stat. 1092 [Derived from R.S. § 5510] ).

Reference to persons causing or procuring was omitted as unnecessary in view of definition of "principal" in § 2 of this title.

A minor change was made in phraseology. 80th Congress House Report No. 304.

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

NOTICE OF PLACEMENT IN
CM/ECF DOCKETING SYSTEM

Case No.:              1:01cv432-SJD-JS

Caption:               MATTHEW LEHRFELD,
                       V.
                       JEFFREY WOLFE, Warden

Judge:                 Susan J. Dlott

Magistrate Judge:      Susan M. Novotny (Recalled)

At the regular meeting of judges conducted on August 26, 2003, the Court agreed that this NOTICE be issued in all cases as they are placed into the Court's new docketing system.

The United States District Court for the Southern District of Ohio is converting from its old Integrated Case Management docketing system to its new Case Management/Electronic Case Files System (CM/ECF) docketing system. The CM/ECF system provides the bench, the bar and the public with unprecedented electronic access to up-to-the-minute docket sheets as well as to the documents themselves.

This action has now been entered into the CM/ECF system. Access to the docket sheet and the documents in this matter are available on the Court's electronic case files web site (http://ecf.ohsd.uscourts.gov).

Electronic Filing

The CM/ECF system is capable of accepting electronic filings over the Internet. All documents that are filed on paper will be scanned by the Clerk's Office and placed into the CM/ECF system for electronic access.

The Court strongly encourages counsel to take advantage of the benefits of filing electronically. Counsel who file documents electronically in a care are required to have the e-mail noticing feature of their user account activated and agree to accept electronic notices from the Court and the other parties. In view of the widespread advance of publicity given by the Court to this new system, it is the Court's expectation that, absent a showing of good cause, all counsel who regularly practice in this district will be prepared to file electronically and accept notice of filings in any civil or criminal case before this Court no later than September 1, 2003.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

In Re: Cases Referred to
Magistrate Judge Jack Sherman, Jr.       :   Case Number:  1:01cv432
                                         :

ORDER

The above case is hereby transferred from the docket of Magistrate Judge Jack Sherman, Jr. to the docket of Magistrate Judge Susan M Novotny.

IT IS SO ORDERED.

                                                  ___s/Susan J. Dlott_____
                                                  Susan J. Dlott
                                                  United States District Judge

EXHIBIT A

Other Orders/Judgments
1:01-cv-00432-SJD-SMN Lehrfeld v. Wolfe

## U.S. District Court

### Southern District of Ohio

Notice of Electronic Filing

The following transaction was received from ss, entered on 1/12/2004 at 11:47 AM EST and filed on 1/12/2004
Case Name:     Lehrfeld v. Wolfe
Case Number:   1:01-cv-432
Filer:
Document Number: 19

Docket Text:
ORDER REASSIGNING CASE. Case reassigned to Judge David S. Perelman for all further proceedings. Judge Susan M. Novotny no longer assigned to case. Signed by Judge Susan J. Dlott on 1/12/04. (ss, )

The following document(s) are associated with this transaction:

Document description:Main Document
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1040326259 [Date=1/12/2004] [FileNumber=122207-0]
[2295e79d8107e01ad00d6a55a8091beeeee200e6fc5e1277ae547a25a6cea5c332d6
40be1dd99fbddfb1f5c5d8fb70af3cad02a92b3caba49de52ac345051265]]

1:01-cv-432 Notice will be electronically mailed to:

Stephanie L Watson    slwatson@ag.state.oh.us

1:01-cv-432 Notice will not be electronically mailed to:

Matthew Lehrfeld
#382-633
Noble Correctional Institution
15708 State Route 78 West
Caldwell, OH 43724-8902

**EXHIBIT B**

**Other Orders/Judgments**
1:01-cv-00432-SJD-DSP Lehrfeld v. Wolfe

## U.S. District Court

### Southern District of Ohio

Notice of Electronic Filing

The following transaction was received from wam, entered on 3/24/2004 at 1:14 PM EST and filed on 3/24/2004
**Case Name:** Lehrfeld v. Wolfe
**Case Number:** 1:01-cv-432
**Filer:**
**Document Number:** 20

Docket Text:
ORDER by Judge Susan J. Dlott ADOPTING REPORT AND RECOMMENDATIONS for [10] Report and Recommendations. It is Ordered that Petitioner's petition for writ of habeas corpus (doc.#1) be DENIED with prejudice. A certificate of appealability shall not issue. The Court certifies that an appeal of this Order would not be taken in good faith & DENIES petitioner leave to appeal ifp. (wam. )

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040326259 [Date=3/24/2004] [FileNumber=204632-0]
[5438f442a535a6b5fd130767486a7d5506df50cd2618fc7cfe4240fa4c1315279766
578f366a07df98beb9351e2540d2be680063987ec1f8c17e1970686ef693]]

**1:01-cv-432 Notice will be electronically mailed to:**

Stephanie L Watson    slwatson@ag.state.oh.us

**1:01-cv-432 Notice will not be electronically mailed to:**

Matthew Lehrfeld
#382-633
Noble Correctional Institution
15708 State Route 78 West
Caldwell, OH 43724-8902

**EXHIBIT D**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MATTHEW LEHRFELD,

Plaintiff(s)

vs.

JEFFREY WOLFE, Warden

Defendant(s)

Case Number: 1:01cv432-SJD-JS

District Judge Susan J. Dlott

## ORDER

This matter is before the Court pursuant to the Order of General Reference in the United States District Court for the Southern District of Ohio Western Division to United States Magistrate Judge Jack Sherman, Jr.. Pursuant to such reference, the Magistrate Judge reviewed the pleadings and filed with this Court on October 7, 2003 Report and Recommendations (Doc. 10). Subsequently, the plaintiff filed objections to such Report and Recommendations.

The Court has reviewed the comprehensive findings of the Magistrate Judge and considered de novo all of the filings in this matter. Upon consideration of the foregoing, the Court does determine that such Recommendations should be adopted.

IT IS ORDERED AND ADJUDGED that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is hereby DENIED with prejudice.

A certificate of appealability shall not issue with respect to the dismissal on procedural default grounds of the ineffective assistance of trial counsel claims based on counsel's failure to object to the court's reliance on allegedly privileged information disclosed by petitioner during his court ordered drug addiction treatment, counsel's failure to object to the sentencing procedures, and counsel's failure to object to the introduction of evidence, all asserted in the petition in ground one, and the sentencing claim alleged in the petition as ground four because

**EXHIBIT D**

"jurists of reason would not find it debatable whether this Court is correct in its procedural ruling" as required under the first prong of the two part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), which is applicable to procedurally-barred claims.[1] A certificate of appealability also shall not issue with respect to petitioner's ineffective assistance of appellate counsel claims and remaining ineffective assistance of trial counsel claims, alleged in ground one, and petitioner's claims alleged in grounds two and three because for the foregoing reasons, petitioner has failed to make a substantial showing of the denial of a constitutional right remediable in this federal habeas corpus proceeding. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Petitioner has not shown that reasonable jurists could debate whether these claims should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 123 S.Ct. 1029, 1034, 1039-40 (2003) (quoting *Slack,* 529 U.S. at 483-84) (in turn quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)).

With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this order would not be taken in "good faith," and therefore DENIES petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

IT IS SO ORDERED.

                                                            s/Susan J. Dlott  
                                                            Susan J. Dlott  
                                                            United States District Judge

---

[1] Because this Court finds petitioner has not met the first prong of the *Slack* standard, it need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether grounds one and four state valid constitutional claims. *See Slack,* 529 U.S. at 484.

**EXHIBIT D**



**CORRECTIONAL CENTER**

[Mission Statement]

[Judicial Corrections Board]    [Treatment]

[Culinary Arts/Vocational Program]

[Contact Us]

The River City Correctional Center is one of eighteen Community Based Correctional Facilities (CBCF's) presently operating or being constructed in the State of Ohio. The CBCF is a local alternative to prison with the primary purpose of rehabilitation for non-violent, felony offenders. The River City Correctional Center can accommodate 200 residents, 150 men and 50 women. The average length of stay is 4 months, depending upon the treatment needs of the individual. The maximum length of stay is 6 months.

*To Top of Page*

# MISSION STATEMENT

The mission of River City Correctional Center is to assist felony offenders in restructuring their values by instilling self-worth and hope through education, vocational training and the development of practical life skills.

*To Top of Page*

Address:

River City Correctional Center
3220 Colerain Avenue
Cincinnati, OH  45202

(513)946-6800
(513)946-6999 FAX

Contact:

John M. Baron, Executive Director
Martin P. Strouse, Assistant Executive Director

To Top of Page

**JUDICIAL
CORRECTIONS
BOARD**

Judge Norbert Nadel – Chairman
Judge Kimberly Wilson Burke
Judge Robert S. Kraft
Judge Melba Marsh
Judge Steve E. Martin
Judge Dennis Helmick
Judge Thomas Nurre
Judge Robert Ruehlman
Judge Mark Schweikert
Judge John A. West

John M. Baron, Executive Director

To Top of Page

The Hamilton County River City Correctional Center (RCCC) is located at 3220 Colerain Avenue, the former site of the Community Correctional Institution or "Workhouse" in Camp Washington.

The Judicial Corrections Board (JCB) governs operation of the facility. The JCB is comprised of judges from the Court of Common Pleas and makes certain the facility meets the highest possible standards in safety, security, and effectiveness.

RCCC is designed to employ 120 full-time employees and is staffed 24-hours a day, 7 days a week to provide security and treatment to residents. Residents may receive a variety of services during their stay at River City, including chemical dependency treatment, remedial education and employment assistance. The goal of treatment is to assist residents in recognizing and overcoming their substance abuse dependency, criminal thinking, and life skill deficiencies.

*To Top of Page*

## TREATMENT

Daily activities are designed to foster sobriety, continuing education, employment and responsible behavior. Treatment is based on the Therapeutic Community model and requires residents to be responsible for their personal behavior, as well as the behavior of their peers. All residents are expected to participate in the "family," fulfilling all duties as they are assigned. Staff serves as role models as do the residents chosen for the community hierarchy. Responsible behavior is rewarded, and consequences for inappropriate behavior are designed to allow the resident to learn from experience.

The River City Correctional Center Treatment program requires residents to complete four phases of treatment while in residence and to continue their recovery program in aftercare for a period of 12 to 18 months.

As an alternative to prison, River City Correctional Center offers Hamilton County residents the opportunity to leave behind unhealthy, destructive lifestyles and become productive citizens.

*To Top of Page*

## CULINARY ARTS/

## VOCATIONAL

## PROGRAM

The Culinary Arts Vocational Program features a working partnership with Frisch's restaurants and the River City Correctional Center. The partnership allows residents to learn the skills needed to obtain food service employment. The River City Correctional Center's kitchen is designed to simulate a Frisch's restaurant kitchen. Residents who successfully complete the culinary arts program while in residence with RCCC may be offered employment with Frisch's or other local area restaurants upon release.

The River City Correctional Center has a horticulture vocational program to teach residents landscaping, gardening, and other groundskeeping skills.

### December 19, 2003
### Board of Commissioners Issues Statement Regarding Judges' Service on Community Corrections Boards

The following statement was issued today by Richard Alkire, chairman of the Board of Commissioners on Grievances and Discipline:

Advisory Opinion 2003-9 issued by the Board of Commissioners on Grievances and Discipline on Dec.5, 2003, is a nonbinding advisory opinion addressing whether it is proper under the Ohio Code of Judicial Conduct for judges to serve on judicial corrections boards.

The Board advised that it is not proper under Canon 4(C)(2), Canon 2(B) and Canon 2(A) of the Ohio Code of Judicial Conduct. However, judges currently serving on judicial corrections boards for community based correctional facilities pursuant to statutory appointments should not resign from these duties at this time.

Related and relevant issues are undergoing consideration by other entities. The Office of the Attorney General has under its review a request for an opinion as to whether such service on judicial corrections boards violates the Ohio Constitution. The Ohio Judicial Conference is reviewing the issue and may consider whether to propose statutory changes to the legislature and or rule changes to the Supreme Court of Ohio.

Due to ongoing review of the issues and the negative impact that would occur due to mass resignation of judges from judicial corrections boards, the Board of Commissioners on Grievances and Discipline advises that judges may continue to serve on such boards at this time. This serves the public interest in ensuring ongoing operation of important community based correctional facilities and programs.

*Contact: Jonathan W. Marshall at 614-644-5800.*



ENQUIRER LOCAL NEWS COVERAGE

**NEWS**
Front Page
Local
Sports
▶ Bengals
▶ Reds
▶ Bearcats
▶ Xavier
Business
Health
Technology
Weather
Traffic
Back Issues
Photographs
AP Wire
▶ World
▶ Nation
▶ Sports
▶ Business
▶ Arts
▶ Health

**CLASSIFIEDS**
Jobs
Autos
General
Obits
Homes

**FREETIME!**
Movies
Dining
Calendars
Weekend

**OPINION**
Columns
Borgman

**HELPDESK**
HelpDesk
Feedback
Circulation
Subscribe
Phone #'s
Search

# Slow hiring process delays jail opening

## Addiction center three months late

**Thursday, August 13, 1998**

BY **ANNE MICHAUD**
**The Cincinnati Enquirer**

A jail that specializes in treatment for addiction is scheduled to open in Camp Washington on Sept. 22, after more than three months' delay.

The River City Correctional Center will serve as a last way-station for felons before they enter the state penitentiary. It will offer high-school equivalency classes and job training, especially for restaurant work.

"We hope to give them a final chance with drug and alcohol problems," said Norbert Nadel, presiding judge of Hamilton County Common Pleas Court.

The delay in opening was caused by difficulty finding employees, said John Baron, executive director of the jail. Judge Nadel has insisted on personally interviewing all 40-plus employees who have been hired, he said.

The $2.3 million center will eventually house 200 inmates, 150 men and 50 women. It will open for 50 men initially, Mr. Baron said, and phase in the others over the next year.

When up to capacity, the jail will need 118 employees.

County Commissioner John Dowlin said he hopes the jail will handle seasonal crowding that begins in the fall at the justice center.

Judge Nadel said the effect on the local jail population will be minimal. There are only about 60 felons serving time at the justice center, on average, he said. And River City is for longer sentences -- four to six months -- than many justice center residents are serving.

Finally, River City will take people with drug and alcohol problems, Judge Nadel said, and not everyone at the justice center will fit that category.

"This is being funded by the state, mostly, and the state is hoping it will have some impact on state overcrowding, not

ENQUIRER LOCAL NEWS COVERAGE

Sunday, September 03, 2000

# Kinder, gentler jail of the future?

## With emphasis on rehabilitation, River City Correctional Center - and its residents - proud of its success

By **Jim Knippenberg**
**The Cincinnati Enquirer**

No bars. No gray walls. No uniformed guards with handcuffs jingling behind them. No inmates in orange jumpsuits. No doors banging with that steely clang heard only in jail houses.

Thisis River City Correctional Center, (RCC) a facility for non-violent felons where four pods house 150 males and 50 females. It has been open since September 1998 on the Camp Washington site of the old Workhouse.

Yes, a jail.

Never mind the huge windows letting in tons of light. Or the spacious great rooms with meticulously clean carpets and sprawling sofas. Or the airy dining rooms serving Frisch's Big Boys on Fiestaware.

It's a jail where residents in street clothes laugh, guards in red T-shirts are called resident supervisors and walls are lined with posters reminding, "We are our brothers' keeper."

Former residents even send thank you notes. "About a year ago, I didn't even have a mind to motivate, my only motivation was drugs ... I am thankful for having come to River City ... it made me open my eyes," James Laidlaw wrote.

**Strolling down the halls of River City Center are Judge Norbert Nadel and the center's executive director, John Baron.**
(Tony Jones photo)
| ZOOM |

"Doesn't seem like a jail, does it?" beams John Baron, the executive director (i.e. warden). The former probation officer has been with the facility since planning began in 1994.

"But it *is* a jail, and no one ever forgets it. The

COURT OF COMMON PLEAS

STATE OF OHIO                HAMILTON COUNTY, OHIO

-VS-                         NO: B-9900433   Judge NIEHAUS  09/10/99

MATTHEW LEHRFELD             COMMUNITY CONTROL SANCTION VIOLATION

Now comes Michael C. Snowden, Chief Probation Officer of Hamilton County, Ohio, and states that MATTHEW LEHRFELD heretofore convicted of BURGLARY, COUNT 1 (F-2), on 5/13/99 and placed on Community Control Intensive Supervision on 6/15/99 for a period of three (3) years, has violated the conditions of his Community Control as follows:

RULE #11:   I UNDERSTAND THE SPECIAL CONDITIONS ORDERED BY THE COURT WILL BE ENFORCED BY THE PROBATION DEPARTMENT. THESE CONDITIONS ARE: <u>MUST ENTER AND SUCCESSFULLY COMPLETE THE RIVER CITY CORRECTION CENTER AND AFTER.</u>

On 9/2/99, Probationer Lehrfeld was unsuccessfully terminated from River City Correctional Center.

N.B.   The probationer is currently in the custody of the Hamilton County Sheriff's Department. A Probable Cause/Probation Violation hearing has been set before the Honorable Richard A. Niehaus on 9/22/99 at 9:30 a.m., in Room 595.

Copies to:
    Prosecutor
    Probationer
    File
    Assignment Commissioner

Attest:   Coolidge Tisdale
          Probation Officer

                                            Michael C. Snowden
                                            Chief Probation Officer

FILED SEP 15 12 20 PM '99
CLERK OF COURTS
HAMILTON COUNTY, OH

EXHIBIT
N

EXHIBIT 9